IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Garcay Garcia Williams, ) | |
| ) | Civil Action No. 6:05-1997-GRA-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| J. Ozmint, Denise Patterson, ) | |
| Colie Rushton and James Parker, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on the motion to dismiss filed by the defendants.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On September 29, 2005, the defendants filed a motion to dismiss for failure to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6). By order filed on September 30, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response to the defendants' motion on October 19, 2005.

## FACTS PRESENTED

In his complaint, the plaintiff states that in December 2004 he was transferred from Kershaw Correctional Institution to McCormick Correctional Institution, allegedly for having three violent offenses on his criminal record. He claims that in reality he has two violent offenses on his record and that this is a "mistake" by the South Carolina Department of Corrections ("SCDC") (comp. 3-4). He claims that he should be in a Level 2 institution. According to one of the grievance forms attached to the plaintiff's complaint, the classification department did recommend that the plaintiff be transferred to a Level 2 institution pending state classification's approval (comp., ex. 1). According to a change of address form submitted to the court by the plaintiff on November 23, 2005, he has now been transferred back to Kershaw Correctional Institution.

The plaintiff also alleges that he has been subjected to cruel and unusual punishment while at McCormick, and he states that his "life is in a threat" (comp. 9). He claims that he was housed with an inmate who was beaten and "treated with cruel and unusual punishment by two correctional officers" (comp. 4). He claims that he "felt threatened by the correctional officers' unlawful act on [the other inmate]" (comp. 4), but he makes no specific allegations regarding any cruel and unusual punishment imposed upon him by the defendants. He alleges that when he initially arrived at McCormick he was placed in a three-man cell with two violent offenders, but states that after he complained, he was moved to a two-man cell that he shared with a non-violent offender (comp. 5). In a grievance attached to his complaint, he complained that he had been placed in a cell with two violent inmates. The response from the defendants was that cell assignments and institutional transfers were non-grievable issues. It was further noted that the plaintiff had been moved to a cell with a non-violent inmate, and thus the issue was closed (comp., ex. 1).

**APPLICABLE LAW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4ht Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

3

**ANALYSIS**

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "It not only out-laws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996); *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976). To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must show: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298; *Williams*, 77 F.3d at 761. As argued by the defendants, the plaintiff has failed to show any deprivation of a basic human need. He argues only that he has been improperly transferred from one SCDC institution to another. Further, he has made no allegation that the defendants acted with deliberate indifference to his alleged plight. Instead, it appears that the defendants appropriately responded to and resolved the plaintiff's issues.

The plaintiff has also failed to state a cause of action under the Equal Protection Clause. In *Veney v. Wyche*, 293 F.3d 726 (4th Cir. 2002), the plaintiff, a *pro se* inmate, alleged violation of the Equal Protection Clause as a result of his cell assignment. Veney argued that he was treated differently from other inmates because of his gender and sexual preference. Veney had requested to be moved from his single person cell into a double person cell. He alleged that the defendants denied his request because he is a homosexual male. Veney argued that heterosexual males and homosexual females were both housed in double-occupancy cells. *Id.* at 731. The Fourth Circuit Court of Appeals affirmed the dismissal of the plaintiff's complaint for failure to state a cause of action. In so doing, the court noted that the plaintiff's "case does not involve a fundamental right, and he does not allege that he is a member of a suspect class." *Id.* The court stated:

4

> To succeed on an equal protection claim, [a plaintiff] "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir.2001). If he makes this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.*

*Veney*, 293 F.3d at 730-31. In the instant case, the plaintiff has not alleged that he is a member of a protected class. In his complaint, the plaintiff asserts that another inmate who made a similar request for transfer at the same time as the plaintiff was granted a transfer to another institution (comp. 4). The plaintiff has not alleged that the alleged "unequal treatment was the result of intentional or purposeful discrimination."

Lastly, the defendants argue that they are entitled to qualified immunity. This court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendants' position would have known of it. *Id.*

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S.

at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998).

In this case, as set forth above, the plaintiff can prove no set of facts which would support his claims of constitutional violations and would entitle him to relief. Therefore, the defendant is entitled to qualified immunity.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the defendants' motion to dismiss be granted.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

January 31, 2006

Greenville, South Carolina